■ MIRIAM WAHRMAN, Plaintiff, v LARRY R. ASHKINAZY, Defendant and Third-Party Plaintiff-Appellant. SHELDON NADLER, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [743 NYS2d 102] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered May 18, 2001, which granted third-party defendant Sheldon Nadler's motion for summary judgment dismissing the third-party complaint as against him, unanimously affirmed, with costs.

Plaintiff, after having restorative dental work performed by defendant Dr. Ashkinazy, required periodontal treatment and was referred by her periodontist to third-party defendant prosthodontist Nadler for a consultation respecting further restorative work. Dr. Nadler, after examining plaintiff and speaking with her treating dentist and periodontist, concluded and advised plaintiff that the restorative work done by Dr. Ashkinazy was so ill-fitting as to have caused plaintiff's gum disease and that Ashkinazy's restorative work would have to be completely replaced if plaintiff's periodontal condition was to be effectively relieved. The record affords no competent evidentiary support for Dr. Ashkinazy's allegations in his third-party complaint that Dr. Nadler's conclusions as to the cause of plaintiff's periodontal disease and the need for completely new restorative work were erroneous and attributable to a negligently performed consultation, or for his allegations that the advice given plaintiff by Dr. Nadler induced her to undergo

inappropriate treatment and thereby caused or contributed to her injuries. Nor was there any evidence to support a conclusion that Dr. Nadler owed a duty to plaintiff. Accordingly, since Dr. Nadler met his burden as summary judgment movant to establish a prima facie entitlement to judgment as a matter of law and Dr. Ashkinazy failed to satisfy his consequent burden to demonstrate the existence of a triable issue of fact, the grant of summary judgment dismissing the third-party complaint as against Dr. Nadler was entirely proper (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.